No. 2814. CORRELL & EMONSON v. GEORGIA CONSTRUCTION &C. COMPANY. November Term, 1891. This was a motion, the nature of which is fully explained in the following order passed December 21, 1891,

PER CURIAM. This is a motion to amend the "Case" as settled by the Circuit Judge, or to recommit the same to the Circuit Judge for re-settlement; also, for leave to file additional exceptions claimed to be necessary by reason of the alleged change in the "Case" by the amendments allowed.

One of the defences relied upon by appellant in the court below seems to have been that the right of action on the part of plaintiffs had not accrued at the time the action was commenced, to meet which the plaintiffs relied upon the fact, that at the time of commencing the action a warrant of attachment was applied for and obtained, based upon affidavit which it was claimed was sufficient to authorize the commencement of an action, even though the debt might not then be due, under the provisions of the act of 1883, 18 Stat., 492. When the proposed "Case" was served, it contained copies of said affidavit and warrant of attachment, as well as certain testimony which need not be specifically stated. To the "Case" as served, respondents proposed certain amendments, one of which was to strike out the copies of the above mentioned affidavit and warrant of attachment, another to strike out the testimony above referred to, and a third which need not be stated, as it was accepted by appellant. The parties being unable to agree as to the first two amendments, it was referred to his honor, Judge Wallace, who presided at the trial of the cause, to settle the "Case." These amendments were allowed by Judge

38—35

Wallace, he saying as to the first: "The matter objected to had not been in evidence. At the conclusion of the judge's charge to the jury, the defendant offered to put in evidence the affidavit and warrant of attachment which had been, before the trial, made and issued. This was refused on the ground that it was then too late to introduce testimony." In allowing the second proposed amendment, his honor said: "Two cases, by agreement of counsel and to expedite the business of the court, were tried together. The testimony which it is proposed to strike out from the 'Case' was testimony in the case that is not covered by this appeal, and therefore is not properly a part of this case."

We do not see by what authority this court can undertake to amend a "Case" which has been settled by the Circuit Judge, the proper authority for that purpose, unless it be by the consent of the parties. As is said in *McNamee* v. *Huckabee*, 20 S. C., at page 195: "We know of no authority for an appeal from the settlement of a case by the judge who heard it. The alleged error is certainly not one of law, of which we have cognizance. There must be some final arbiter, and an end of controversy"; to which we may add that the Circuit Judge, who has been constituted such final arbiter, from the very nature of the case is better qualified for the performance of the duty in question than any one else. So far, therefore, as the motion is for an order amending the "Case," it must be refused.

The appellant, however, by its motion seeks alternative relief, by an order recommitting the case to the Circuit Court for the purpose of incorporating in the "Case" the matter stricken from it by the allowance of the amendments proposed. While, under the rule of this court, as well as the several decisions referred to by counsel, a "Case" may be recommitted to the Circuit Judge for amendment, upon a proper showing for that purpose, yet when this is done, it is for the Circuit Judge to determine whether any, and if so what, amendments shall be made; and it is not for this court to dictate to him *how* he shall perform the duty imposed upon him exclusively. It may be true that this court can, by mandamus or possibly some other appropriate proceeding, require a judicial officer to act, but it is well settled that he cannot be required to act in any particular manner in the performance of a judicial duty. Now, as the motion papers show conclusively that

the Circuit Judge has, in this case, already considered and determined the propriety of the amendments desired, it would be manifestly useless to recommit the case to him for a re-settlement unless we had the power, which we do not think we have, to direct him to re-insert in the "Case" the matter stricken from it by his previous order. The alternative relief asked for, of recommitting the case to the Circuit Judge, must, therefore, be refused.

We may add, however, that we do not see how the appellant can be prejudiced by the refusal of that branch of his motion hereinbefore considered, except as to the testimony which has been stricken from the "Case," by the allowance of the second amendment, for it appears that the plaintiffs had incorporated in the judgment roll, which constitutes a part of the return on file in this court, copies of the affidavit and warrant of attachment, · to which this court is at liberty to refer, if deemed necessary, for a proper understanding of the questions raised by this appeal.

The other branch of the motion for leave to file additional exceptions, which it is claimed are rendered necessary by the alleged new aspect imparted to the case by the allowance of the amendments, does not seem to have been resisted by counsel for respondents, and could not be successfully resisted under the well settled practice of this court. See *McNamee* v. *Huckabee*, 20 S. C., 190 ; *Burns* v. *Gower*, 34 *Id.*, 160.

*H. J. Haynsworth*, for the motion. *G. G. Wells*, contra.